UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID MATHIS                                                                                      PLAINTIFF

v.                                        CIVIL ACTION NO. 3:14-CV-00100-CRS

MARYHURST, INC.                                                         DEFENDANT

## **MEMORANDUM OPINION**

This matter is before the Court on a motion to dismiss (DN 5) filed by Defendant Maryhurst, Inc. ("Defendant") against Plaintiff David Mathis ("Plaintiff"). For the reasons set forth below, the Court will grant the motion to dismiss.

### **BACKGROUND**

Unless otherwise indicated, the following facts are undisputed. From 2012–13, Plaintiff was employed by Defendant as a maintenance worker. During his employment, Plaintiff developed a serious health condition requiring that he take medical leave. Although Defendant allowed him to take medical leave, Plaintiff claims that he was unlawfully terminated upon his return to work.

On January 14, 2014, Plaintiff filed the present action in Jefferson County Circuit Court, alleging that his termination violated the Kentucky Civil Rights Act ("KCRA") and the Family Medical Leave Act ("FMLA").[1] On February 5, 2014, Defendant removed the action on the basis

---

[1] In addition, Plaintiff's Complaint sets forth an intentional infliction of emotional distress claim as well as a claim of "wrongful discharge in violation of Kentucky public policy." (Complaint, DN 1-2, at ¶ 20). Because Plaintiff abandoned these claims in his response, the Court will not address them in its opinion.

of federal question jurisdiction. On February 12, 2014, Defendant moved to dismiss the action on the grounds that Plaintiff's Complaint failed to state a claim for relief under Kentucky and federal law.

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion to dismiss.

## STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

## DISCUSSION

The Court will begin by addressing the motion to dismiss Plaintiff's FMLA claim. According to Defendant, dismissal is warranted because Plaintiff has failed to allege facts sufficient to state a claim under the FMLA. Specifically, Defendant argues that Plaintiff's statement in his Complaint that "[Defendant] terminated [Plaintiff's] employment in violation of the [FMLA]" amounts to nothing more than a legal conclusion devoid of factual content as required by *Twombly* and *Iqbal*. In response, Plaintiff argues that his Complaint adequately states

a claim under the FMLA insofar as it "provides the Defendant with notice of: (1) the specific Federal statute, (2) Plaintiff's qualifications under the statute, (3) Plaintiff's claim that Plaintiff was terminated in violation of the statute, and (4) Plaintiff's specific claims for relief." (Resp. to Mot. to Dismiss, DN 6, at 6). Because Plaintiff's bare allegation that he was terminated in violation of the FMLA provides absolutely no basis for concluding that his FMLA claim is plausible within the meaning of *Twombly*, the Court concludes that Plaintiff has failed to adequately state a claim for relief. Accordingly, the motion to dismiss will be granted with respect to Plaintiff's FMLA claim.

The Court will next address the motion to dismiss Plaintiff's KCRA disability discrimination claim. According to Defendant, dismissal is warranted because Plaintiff has failed to adequately plead that he suffered a "disability" as defined by the KCRA. In response, Plaintiff argues that his Complaint adequately pleaded his disability by stating that "[Defendant] perceived and regarded [him] and being disabled." (Complaint, DN 1-2, at ¶ 7).

Although it is true that the KCRA defines disability as including "[b]eing regarded as having… a physical or mental impairment," the Court concludes that Plaintiff's bare allegation that Defendant perceived and regarded him as being disabled contains insufficient factual content to state a claim for relief under the KCRA. To be sufficient, Plaintiff's Complaint should have included facts related to the reasons for which Defendant perceived him as being disabled as well as Plaintiff's basis for alleging that Defendant so perceived him. Without such facts, Plaintiff's Complaint fails to state a plausible claim for relief under *Twombly*. Accordingly, the motion to dismiss will be granted with respect to Plaintiff's KCRA disability discrimination claim.

A separate order will be entered in accordance with this opinion.

                                              **Charles R. Simpson III, Senior Judge**
                                              **United States District Court**

May 23, 2014