UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID MATHIS                                                                                                                    PLAINTIFF

v.                                                                   CIVIL ACTION NO. 3:14-CV-00100-CRS

MARYHURST, INC.                                                                  DEFENDANT

## **MEMORANDUM OPINION**

This matter is before the Court on: 1) a motion for leave to file an amended complaint (DN 12) filed by Plaintiff David Mathis ("Plaintiff") against Defendant Maryhurst, Inc. ("Defendant"); and 2) a motion to set aside judgment (DNs 13, 14) filed by Plaintiff against Defendant. For the reasons set forth below, the Court will deny the motion to set aside judgment as well as the motion for leave to file an amended complaint.

### BACKGROUND

Unless otherwise indicated, the following facts are undisputed. From 2012–13, Plaintiff was employed by Defendant as a maintenance worker. During his employment, Plaintiff developed a serious health condition requiring that he take medical leave. Although Defendant allowed him to take medical leave, Plaintiff claims that he was unlawfully terminated upon his return to work.

On January 14, 2014, Plaintiff filed the present action in Jefferson County Circuit Court, alleging that his termination violated the Kentucky Civil Rights Act ("KCRA") and the Family Medical Leave Act ("FMLA"). On February 5, 2014, Defendant removed the action on the basis

of federal question jurisdiction. On February 12, 2014, Defendant moved to dismiss the action on the grounds that Plaintiff's Complaint failed to state a claim for relief under Kentucky and federal law. On May 27, 2014, we granted the motion to dismiss on the grounds that Plaintiff's Complaint failed to state a claim upon which relief can be granted. (DN 10).

On May 31, 2014, Plaintiff filed a motion for leave to file an amended complaint (DN 12) as well as a motion to set aside judgment (DNs 13, 14) on the grounds that we improperly applied federal pleading standards in adjudicating the motion to dismiss.

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion to dismiss.

## STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to alter or amend a final order or judgment within ten days of entry thereof. *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). Under Rule 59(e), a district court may grant a motion to alter or amend "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

## DISCUSSION

Once final judgment has been entered, "A party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to… Rule 59(e)." *Benzon v. Morgan Stanley Distribs.*, 420 F.3d 598, 613 (6th Cir. 2005) (citing *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). In such circumstances, "Where a timely motion to amend is filed under Rule 59(e), Rule 15 and Rule 59 inquiries turn on the same factors." *Id.*

Motions to alter or amend pursuant to Rule 59(e) are "extraordinary" in nature and should therefore be "sparingly granted." *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 857 F.Supp.2d 647, 655 (W.D. Ky. 2011) (citing *Buckner v. Kentucky*, 2011 WL 1304747 at *1 (E.D. Ky. Apr. 5, 2011)). Under Rule 59(e), a district court may grant a motion to alter or amend only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Plaintiff's sole argument in support of his motion to set aside judgment is that the Court should not have applied federal pleading standards in adjudicating the motion to dismiss because the case was originally filed in state court. In rejecting this argument, we are guided by the following excerpt from *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 459 (6th Cir. 1986):

> The Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, *regardless of whether jurisdiction is based on federal question or diversity of citizenship*. Summary judgment is a procedural device for deciding a case without the necessity of a full-blown trial. When there is a motion for summary judgment in a diversity case, the provisions of Rule 56 control its determination. The fact that the Michigan procedure for summary judgment has different requirements from Rule 56 is immaterial. The requirements of Rule 56 control…

*Id.* at 459 (emphasis added). Like Rule 56 of the Federal Rules of Civil Procedure, Rule 12(b)(6) of the Federal Rules of Civil Procedure "is a procedural device for deciding a case without the necessity of a full-blown trial." *Id.* Similarly, Rule 8(a) of the Federal Rules of Civil Procedure is a procedural standard governing the sufficiency of complaints filed in federal court. Thus, regardless of the fact that Plaintiff initiated this action in state court, we were bound to apply the federal pleading standards set forth in Rule 8(a) and Rule 12(b)(6) in adjudicating the motion to dismiss filed by Defendant. Accordingly, we conclude that Plaintiff has failed to carry his burden

of demonstrating that our order of dismissal was based on a clear error of law. For these reasons, the Court will deny the motion to set aside judgment as well as the motion for leave to file an amended complaint.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

August 11, 2014